U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 2 2 2013

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERRY L. THOMPSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-712-A |
| | § | |
| COMPASS BANK AND | | |
| BBVA COMPASS BANK, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the amended notice of removal filed

in the above-captioned action by defendant Compass Bank

(Compass), who asserts it was incorrectly sued as BBVA Compass

Bank.  Compass has alleged diversity of citizenship under 28

U.S.C. § 1332 as the sole basis for removal.  Having considered

the amended notice of removal and its attachments and the

original state court petition of plaintiff, Jerry L. Thompson,

the court concludes that Compass has failed to sufficiently

allege that this court has subject matter jurisdiction, and that

the case should be remanded to the state court from which it was

removed.

I.

Background

Plaintiff initiated this action by filing his original petition against defendants on August 29, 2013, in the District Court of Tarrant County, Texas, 352nd Judicial District, as Cause No. 352-267754-13.  Compass then removed the action to this court.  On September 24, 2013, pursuant to this court's order, Compass filed its amended notice of removal.  Compass alleges that the court has subject matter jurisdiction under 28 U.S.C. § 1332 because of complete diversity of citizenship between plaintiff and defendants, and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

In the prayer of his petition, plaintiff does not state a specific amount of damages.  Nor is there any other statement of the amount of damages contained elsewhere in the petition, other than a vague statement that plaintiff seeks monetary relief of $100,000.00 or less.  However, Compass contends that in the context of foreclosure proceedings in which the plaintiff is challenging the validity of the note and deed of trust, the proper measure of the amount in controversy is the amount of indebtedness, which Compass asserts is $200,509.19, or the value of the subject property, which Compass asserts is either $185,000.00 or $225,000.  Compass argues that the value of the

2

property, or at least the amount of indebtedness on the property, satisfies the amount in controversy.  Am. Notice of Removal at 4-5.

After having evaluated the amended notice of removal and all state court documents, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action meets or exceeds the required amount.

## II.

## Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction.  "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper."  Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001).  "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."  Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted).  Any doubts about whether removal jurisdiction is

proper must therefore be resolved against the exercise of federal jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition.  Manguno, 276 F.3d at 723.  If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff.  Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam).  In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

Analysis

Plaintiff's petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000.00, and does not define with specificity the value of the right it seeks to protect or the extent of the injury it seeks to prevent.  As a result, the court evaluates the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to maintain possession of residential property plaintiff used as security for the making of a loan.  As the petition alleges, plaintiff pursues this goal by seeking an order (1) barring sale of the subject property at public auction, (2) quieting title to the property, and (2) awarding unspecified damages and attorney's fees.  Am. Notice of Removal, Ex. A at 4-7.  Thus, considering plaintiff's original petition, the court has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

Compass contends that the fair-market value of the property should serve as the amount in controversy because plaintiff asserts ownership of the property and claims that the promissory note is not in default.  Am. Notice of Removal at 4.  Compass

5

relies on the argument that when equitable relief is sought, the amount in controversy is measured by the value of the object of the litigation, and when a mortgagor is challenging the validity of the note and deed of trust for the subject property, the fair market value of the property, or the value of the indebtedness, is the amount in controversy. Id. at 5. In its amended notice of removal, Compass suggests that the value of the property is approximately $185,000.00 or $225,000.00, and that the amount of indebtedness on the property is approximately $200,509.19. Id.

The court is not persuaded by the argument that any of the above figures supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how much equity he has in the property. Compass does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property or the amount of indebtedness associated with the property is the amount in controversy. That is, for example, Compass's attribution of the $185,000.00, $225,000, and $200,509.19 figures as damages is an act of its own doing--not plaintiff's. To the extent that these statements suggest that the property value or amount of indebtedness is the proper measure of the amount in controversy in this action, the court rejects that argument.

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary value to plaintiff's accomplishment of that goal. While plaintiff appears to request equitable relief based on a claim that he is entitled to hold legal title in the property, his petition cannot reasonably be read to assert that such relief is based on a claim that he has outright ownership of the property, free from any indebtedness. Indeed, plaintiff acknowledges the existence of a promissory note, but states that it was sold by defendants to investors and "no longer exists in the original form." Am. Notice of Removal, Ex. A at 2, 4. Plaintiff also asserts that defendants cannot foreclose on the property because such note is not in default. Id. at 4. Although plaintiff asserts that he has "superior title" to the property and requests an order quieting title, such request cannot, in light of the foregoing statements, reasonably be read to be based on an allegation that plaintiff's property is free from any indebtedness. Rather, plaintiff's petition seems to be asserting simply that his right to the property is superior to that of the defendants because the promissory note is not in default and is no longer held by defendants. Therefore Compass's reliance on Waller v. Professional Insurance Corporation, 296 F.2d 545

(1961), is misplaced.  The value to plaintiff of his right in the litigation is, at most, the value of his interest in the property, not the value of the property itself.  Thus, Compass has not established the value of plaintiff's interest in the property.

Compass has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of Compass to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED October 22, 2013.

_____
JOHN McBRYDE
United States District Judge

8